United States District Court
Southern District of Texas
**ENTERED**
September 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **Criminal No. 5:26-CR-00627-1** |
| | § | |
| **ANDRES WILKINSON, III** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss the Indictment, (Dkt. No. 61), which was referred to the Magistrate Judge and heard on June 23, 2026. (Min. Entry June 23, 2026). The Magistrate Judge issued a Report and Recommendation. (Dkt. No. 87). The Magistrate Judge recommended that Defendant's Motion to Dismiss be denied. (*Id.* at 1).[1] Defendant filed objections to the Report and Recommendation, and the Government filed a response to Defendant's objections. (Dkt. Nos. 91 and 102). Considering the parties' briefs, the record, and the applicable authority, Defendant's objections are **OVERRULED in part**, as explained herein. The Magistrate Judge's Report and Recommendation, (Dkt. No. 87), is **ADOPTED in part** and supplemented by the findings and conclusions within this Order. Defendant's Motion to Dismiss the Indictment, (Dkt. No. 61), is **DENIED** without prejudice to re-urging his as-applied vagueness challenge at a later stage in the case.

## I. BACKGROUND

Defendant is charged under a four-count indictment with Count One alleging a violation 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(ii) and Counts Two through Four each alleging violations of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(ii), and (a)(1)(B)(ii). (Dkt. No. 41 at 1–2; June 23 Hearing at 9:45 a.m.). The statutes state, in pertinent part, as follows:

> Any person who— . . .
>
> (ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States

[1] When citing to the page numbers of any document in the record, the Court cites the page numbering of the Court's internal CM/ECF docket system, and not the page numbers in the underlying documents.

> by means of transportation or otherwise, in furtherance of such violation of law;
>
> (iii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation; . . .
>
> shall be punished as provided in subparagraph (B).

8 U.S.C. § 1324(a)(1)(A)(ii) and (iii).

As to Count One, the indictment states that around December 7, 2024, to February 5, 2026, Defendant, knowing and in reckless disregard of the fact that an alien, Elva Edith Garcia-Vallejo had come to, entered and remained in the U.S. in violation of law, did conceal and attempt to conceal, harbor, and shield from detection such alien in buildings and other places, or by means of transportation. (Dkt. No. 41 at 1). As to Counts Two, Three, and Four, the indictment states that, around June 12, 2025, July 5, 2025, and August 16, 2025, Defendant, knowing and in reckless disregard of the fact that an alien, Elva Edith Garcia-Vallejo had come to, entered and remained in the U.S. in violation of law, did transport and move such alien within the U.S. by means of transportation and otherwise, in furtherance of such violation of law. (*Id.* at 1–2). The indictment does not include any additional factual information about Defendant's alleged offenses.

Defendant filed a motion to dismiss, requesting that the Court dismiss the Counts under the void for vagueness doctrine of the Fifth Amendment to the U.S. Constitution. (Dkt. 61 at 5–10). Defendant argues that the statutes are vague on their face and as applied to him. (*Id.*).

The Court referred the motion to Magistrate Judge Brian Bajew for a Report and Recommendation (R&R). (Dkt. No. 64). The Magistrate Judge held a hearing on the motion. (June 23 Hearing at 9:40 a.m.). At the hearing, the Magistrate Judge considered which facts the Court may consider at this stage in the case. (*See, e.g., id.* at 9:34, 10:39–41). The Magistrate Judge found that the introduction of exhibits on a motion to dismiss is improper, and he struck from the record the exhibits submitted with the briefing. (*Id.* at 9:41 a.m.; Dkt. No. 85 at 1–2 (finding that "the introduction, use, and consideration of these exhibits in deciding the motion to dismiss could invite reversible error")). The

Magistrate Judge further explains in the R&R that the parties' briefing discusses facts that would be offered at trial. (Dkt. No. 87 at 1 n.1). The Magistrate Judge found that, because "this is a motion to dismiss, the Court will consider only the allegations within the indictment itself." (*Id.*). No party objected to that finding.

In the R&R, the Magistrate Judge recommends that Defendant's Motion to Dismiss be denied. He finds that the statutes at issue are not unconstitutionally vague on their face because "a plain reading of the statute provides an understanding of the prohibited behavior and Defendant has not shown the statutory provisions at issue are, on their face, 'unduly vague, in violation of due process.'" (Dkt. No. 87 at 3) (quoting *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 497 (1982)). As to Defendant's as-applied vagueness challenge, The Magistrate Judge notes that the Fifth Circuit has repeatedly addressed what may constitute a violation of the harboring and transporting provisions of 8 U.S.C. § 1324. (*Id.* at 6–7). He reiterates that a statute is not vague merely because its outer limits are imprecise. (*Id.* at 7–8). Thus, he finds that "Defendant is not entitled to dismissal merely by claiming he did not know his conduct was illegal. That is an issue for a jury." (*Id.*).

Defendant filed timely objections to the R&R. (Dkt. No. 91). Defendant objects that:

- The R&R does not apply the Fifth Circuit's controlling narrowing construction of § 1324(a)(1)(A)(iii) and "the requirement that harboring involves concealment from detection is never applied to the Indictment's allegations." (*Id.* at 2).
- The R&R does not apply the as-applied vagueness standard and never analyzes whether the specific conduct alleged in the indictment falls within the statutory elements as the Fifth Circuit has construed them. (*Id.*).
- The R&R's disposition of the "in furtherance of" vagueness challenge sends a threshold constitutional question to the jury without engaging with it. (*Id.*).
- The R&R's reasoning that § 1324 has been repeatedly upheld is foreclosed by *Johnson v. United States*, 576 U.S. 591, 602 (2015). (*Id.*).

Each of Defendant's objections relate to the analysis of Defendant's as-applied vagueness arguments. (*Id.* at 3, 5, 7, 9) (objecting to Part III.B of the R&R and portions of the analysis therein). Defendant's fourth objection is the only objection that also relates to the facial vagueness analysis. (*Id.* at 9).

The Government filed a response to Defendant's objections. (Dkt. No. 102). In the objections and response, both Defendant and the Government again cite to facts that are not included in the indictment. (Dkt. No. 91 at 4) (referring to pending immigration Form I-130 and an issued Form I-94); (Dkt. No. 102 at 4) (stating that the Government alleged that Defendant provided credit cards, assisted with paying medical debt, and provided car insurance). The Court considers the issues herein.

## II. LEGAL STANDARDS

### A. Standard of Review

The district court may refer a motion to dismiss to a magistrate judge for a recommendation. Fed. R. Crim. P. 59(b)(1). If a party objects to the magistrate judge's report, the district court reviews the objected-to portions of the report *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). Courts consider the record developed before the magistrate judge and make their own decision based on that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The objecting party must identify the findings it objects to. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court need not consider "[f]rivolous, conclusive, or general objections." *Id.* (citation modified). Portions that are unobjected to are not subject to *de novo* review, so the Court reviews those findings for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b).

### B. Motion to Dismiss an Indictment

A criminal defendant may move to dismiss based on any defense, objection, or request that the court can determine without a trial on the merits. Fed. R. Crim. P. 12(b)(1). A defendant may also raise a "defect in the indictment," such as a "failure to state an offense." Fed. R. Crim. P. 12(b)(3). "Generally, in deciding a motion to dismiss, the court must accept the allegations in the indictment as true and determine whether the defendant is entitled to the requested relief as a matter of law." *United States v. Bynon*, 834 F. Supp. 3d 728, 735 (S.D. Tex. 2026) (citing *United States v. Mann*, 517 F.2d 259, 266–67 (5th Cir. 1975)). Whether a court may grant a motion to dismiss an indictment under Rule 12 by pretrial motion "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of

fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)). As such, a defense is "capable of determination" under Rule 12 "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969). "Rule 12(b)(4) allows the District Court in its discretion to postpone determination of the motion to trial, and permits factual hearings prior to trial if necessary to resolve issues of fact peculiar to the motion." *Id.*; Fed. R. Crim. P. 12(b)(4).

## VI. DISCUSSION

The Court has reviewed the uncontested findings in the Report and Recommendation and finds that there is no clear error. Because the Court finds no clear error, the Court adopts the uncontested findings and conclusions of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b).

The Court first identifies the legal standard for constitutional vagueness challenges. "The prohibition of vagueness in criminal statutes is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law, and a statute that flouts it violates the first essential of due process." *Johnson v. United States*, 576 U.S. 591, 595–96 (2015) (internal quotations omitted). The Fifth Circuit has noted that the "distinction between as-applied and facial challenges is sometimes hazy." *United States v. Mitchell*, 160 F.4th 169, 175 (5th Cir. 2025), *cert. denied*, No. 25-935, 2026 WL 1855110 (U.S. June 29, 2026). A facial challenge asks whether the law is unconstitutional in all of its applications. *Id.*

"An as-applied challenge asks whether a law—though constitutional in some circumstances—'is nonetheless unconstitutional as applied to [a defendant's] activity.'" *Id.*; *United States v. Morgan*, 147 F.4th 522, 526 (5th Cir. 2025), *cert. denied*, 146 S. Ct. 1781 (2026). Courts examine as-applied vagueness challenges to statutes that do not involve First Amendment freedoms in "light of the facts of the case at hand." *United States v. De Bruhl*, 118 F.4th 735, 745 (5th Cir. 2024).

### A. As-Applied Vagueness Challenge

If an issue raised in a motion to dismiss requires the court to make factual findings regarding evidence about the alleged offense itself, multiple courts have found that the

motion is premature. Those courts either defer ruling on a motion to dismiss or deny the motion without prejudice. For example, in *United States v. Mason*, No. 16-CR-0002, 2017 WL 5900049, at *2 (E.D. Cal. Nov. 30, 2017), the court found that it was bound to the four corners of the indictment and denied Defendant's Motion to Dismiss without prejudice. The court explained that "Defendant asks the court to consider materials beyond the Indictment, yet doing so would essentially and impermissibly convert defendant's pre-trial as-applied vagueness challenge into a pre-trial sufficiency of the evidence claim." *Mason*, 2017 WL 5900049, at *2. The Eighth Circuit has explained that "a decision should be deferred if disposing of the pretrial motion requires making factual determinations that 'fall within the province of the ultimate finder of fact.'" *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016). Yet, at least one court in this district has explained that a district court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Bynon*, 834 F. Supp. 3d at 735 (quoting *United States v. Flores*, 404 F.3d 320, 324 n.6 (5th Cir. 2005)).

Here, the R&R explicitly states that "[a]s this is a motion to dismiss, the Court will consider only the allegations within the indictment itself." (Dkt. No. 87 at 1 n.1). Neither party objected to that ruling. Neither party explicitly argues that the Court should consider facts outside those appearing on the face of the indictment. But, as the Court explained above, both parties rely on facts that do not appear on the face of the indictment. Without a factual record before the Court, the facts of the case at hand are not clear, and it is not possible at this time to determine whether the statute is unconstitutional as applied to Defendant. The Court is thus unable to rule on the merits of Defendant's as-applied challenge at this stage in the case.

Because the court is bound to the allegations in the indictment, the court finds good cause postpone determination Defendant's as-applied challenge and makes no ruling at this time on the merits of the argument as it relates to facts outside the indictment. To the extent that Defendant seeks dismissal because § 1324 is vague as applied to him, the Motion to Dismiss is **DENIED without prejudice** to re-urging the argument when the appropriate facts are before the Court. As such, the Court **ADOPTS**

the Magistrate Judge's recommendation that the Motion to Dismiss be **DENIED**, but the Court declines to adopt the Magistrate Judge's reasoning and analysis at this time.

**B. Facial Vagueness Challenge**

The Court turns to Defendant's objection to the R&R's facial vagueness analysis. Defendant "objects to the R&R discussion at pages 2-3, which fails to apply the standard under *Johnson* and simply concludes that 'Defendant has also not demonstrated that no set of circumstances exist under which 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (iii) would be valid.'" (Dkt. No. 91 at 9). Defendant's objection is primarily directed to the Magistrate Judge's as-applied analysis, which the Court addressed above. But to the extent that Defendant directs his argument toward § 1324 as vague on its face, Defendant's objection is **OVERRULED**.

In his Motion to Dismiss, Defendant argues that § 1324(a)(1)(A)(ii) and (iii) are unconstitutional because "they do not clearly define the actions necessary to commit a crime of harboring and transporting of aliens." (Dkt. No. 61 at 5–6). Defendant argues that the statutes do not distinguish between criminal activity and ordinary, non-criminal behavior with sufficient definiteness. (*Id.* at 9). As to § 1324(a)(1)(A)(ii), the transporting provision, Defendant argues that the statute's requirement that transport be 'in furtherance of' such a violation of law is undefined and fails to provide notice of what is necessary to commit the crime of transporting. (*Id.* at 8). As to § 1324(a)(1)(A)(iii), the harboring provision, Defendant argues that the terms "conceal, harbor, or shield from detection" are undefined and fail to inform the average person of what is necessary to commit the crime of harboring. (*Id.* at 8–9).

"Courts must indulge a presumption of constitutionality and carefully examine a statute before finding it unconstitutional." *United States v. De Bruhl*, 118 F.4th 735, 745 (5th Cir. 2024). A criminal statute is unconstitutionally vague if it fails to give ordinary people fair notice of the conduct it punishes or if it is so standardless that it invites arbitrary enforcement. *Id.* (quoting *Johnson*, 576 U.S. at 595).

In *Johnson,* the Supreme Court considered whether the statutory definition of a "violent felony" survived the Constitution's prohibition against vague criminal laws. 576 U.S. at 593. The definition included a "residual clause," and the Court held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies

fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 597. The residual clause required that the court assess an "imagined 'ordinary case' of a crime" and left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* In conducting its analysis, the Court explained that "our holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id.* at 602.

As the Fifth Circuit has noted, the Supreme Court's analysis in *Johnson* "trained its sights on the haziness of definite legal consequences and the specter of capricious enforcement[.]" *United States v. Godoy*, 890 F.3d 531, 538 (5th Cir. 2018), *as revised* (June 25, 2018). Since the Supreme Court's decision in *Johnson*, the Fifth Circuit has held that, "[t]o sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025).

Although the Fifth Circuit has recognized that certain provisions in § 1324 are "extremely broad," whether these terms are unconstitutionally vague is another matter. *United States v. Anderton*, 901 F.3d 278, 283 (5th Cir. 2018). The Court must indulge a presumption of constitutionality and carefully consider a statute before finding it unconstitutional. *Id.*

Defendant has not met his burden to show that § 1324 fails to give ordinary people fair notice of the conduct it punishes or that § 1324 is so standardless that it invites arbitrary enforcement. The Fifth Circuit examined § 1324's transporting "in furtherance of" provision in *United States v. Merkt*, 764 F.2d 266 (5th Cir. 1985). The court explained that "[b]y definition, a person intending to assist an alien in obtaining legal status is not acting 'in furtherance of' the alien's illegal presence in this country." *Merkt*, 764 F.2d at 272. The court found that, "[w]illful transportation of illegal aliens is not, per se, a violation of the statute, for the law proscribes such conduct only when it is in furtherance of the alien's unlawful presence." *Id.* at 271–72. Thus, because determining a criminal defendant's intent is a fact question that the jury must resolve under the totality of the circumstances, the jury must be instructed that "proof of this element of the offense is prerequisite to conviction." *Id.*

The Fifth Circuit has explained that, in enacting the harboring provision of § 1324, Congress "intended to broadly proscribe any knowing or willful conduct fairly within any of these terms that tends to substantially facilitate an alien's remaining in the United States illegally[.]" *Villas at Parkside Partners v. City of Farmers Branch, Tex.*, 726 F.3d 524, 529 (5th Cir. 2013). Thus, the phrase "harbor, shield, or conceal" implies that "something is being hidden from detection." *Id.* The court reasoned that furnishing housing, without more, is not illegal harboring. *Id.* at 529–30; *United States v. Anderton*, 901 F.3d 278, 284 (5th Cir. 2018). The Fifth Circuit reiterated this holding in *Cruz v. Abbott*, 849 F.3d 594 (5th Cir. 2017), when it considered the enforcement of a Texas statute prohibiting the harboring of illegal aliens. The court again held that it "interprets the words 'harbor, shield, or conceal,' which appear in a federal immigration statute, to mean that 'something is being hidden from detection.'" *Cruz*, 849 F.3d at 600.

The provisions at issue are not vague on their face, and Defendant has not met his burden to show that § 1324 fails to give ordinary people fair notice of the conduct it punishes or that § 1324 is so standardless that it invites arbitrary enforcement. To the extent that Defendant objects to the Magistrate Judge's facial vagueness analysis, that objection is **OVERRULED**. As to its facial vagueness analysis, the R&R is **ADOPTED**, and Defendant's Motion to Dismiss is **DENIED**.

## VII. CONCLUSION

Defendant's objections to the Report and Recommendation, (Dkt. No. 91), are **OVERRULED in part**, as explained above. The Magistrate Judge's Report and Recommendation, (Dkt. No. 87), is **ADOPTED in part** and supplemented by the findings and conclusions within this Order. Defendant's Motion to Dismiss the Indictment, (Dkt. No. 61), is **DENIED** without prejudice to re-urging his as-applied vagueness challenge at a later stage in the case.

It is so **ORDERED**.

**SIGNED** on September 18, 2026.

John A. Kazen
United States District Judge